IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**KENNETH M. MOODY, # 51638**                                                               **PETITIONER**

**VERSUS**                                                                    **CAUSE NO. 2:13CV213-KS-MTP**

**DR. WOODALL, RON KING, and CHRIS EPPS**                                                  **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

BEFORE THE COURT is *pro se* Petitioner Kenneth M. Moody's Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254. He is incarcerated with the Mississippi Department of Corrections and challenges the conditions of his confinement. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed without prejudice.

### FACTS AND PROCEDURAL HISTORY

On October 2, 2013, Moody filed this Petition, specifically invoking § 2254, and the next day he paid the $5.00 filing fee. He is housed at South Mississippi Correctional Institution. According to the Petition, he is "challenging denial of medical treatment and unsanitary conditions," which he alleges threatens his health due to his hepatitis. (Pet. at 1). He claims that Respondent Dr. Woodall is denying him a vaccination as well as "any treatment period." *Id.* at 5. Moody further claims Dr. Woodall's omissions are both retaliatory and in violation of equal protection, because other inmates are being treated "for the same thing." *Id.* Moody also complains that he mailed copies of a civil complaint concerning these matters to attorneys, requesting representation, but he has not received any response. As relief he requests:

immediate transfer to a more sanitary environment . . . treatment–and [sic]

>   vac[c]ination. And [sic] for sanitation supplies . . . and . . . to order [an attorney] to return my documents . . . and or [sic] for inmate legal law library to provide me with a full complete [sic] copy of my outgoing legal mail log for the last 12 months so I can determin[e] where my missing 1983 civil complaint went to, concerning some of the issues in this petition, and claim [sic].

*Id.* at 15.

## DISCUSSION

If a favorable ruling would "automatically entitle [the prisoner] to accelerated release," then the action is one for habeas corpus. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). If not, then the proper vehicle may be a civil rights action. *Id.* Habeas review "is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). On the other hand, "Section 1983 is an appropriate legal vehicle to attack unconstitutional . . . conditions of confinement." *Orellana*, 65 F.3d at 31.

Moody's claims concern only the conditions of his confinement–alleged unsanitary living conditions and denial of medical care. He also appears to question the failure of an attorney to return a copy of a complaint mailed to that attorney. These claims are not cognizable in this Section 2254 habeas action, because they do not concern the cause of his detention, and success will not automatically entitle him to accelerated release. Rather, these claims may be cognizable in a civil rights complaint. Rather than liberally construe this action as a civil rights case, it will be dismissed without prejudice. *See*, *Lineberry v. United States*, 380 F. App'x 452, 453 (5th Cir. June 8, 2010).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE**. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 10th day of October, 2013.

               *s/ Keith Starrett*
              UNITED STATES DISTRICT JUDGE